IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL HENDERSON,
# 98336-024,

        Petitioner,

  vs.                                Case No. 13-cv-00401-DRH

J.S. WALTON,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Michael Henderson, currently incarcerated in the United States Penitentiary at Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of the sentence imposed in connection with his 1994 conviction for distributing crack cocaine in violation of 21 U.S.C. § 841 (three counts) and a firearms violation under 28 U.S.C. § 924(c).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[1]  This petition must be dismissed for the following reasons.

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this petition under Section 2241.

Henderson was convicted by a jury and subsequently sentenced to concurrent 300-month terms of imprisonment on the drug offenses, and a consecutive 60-month term of imprisonment on the gun charge. *United States v. Henderson*, Case No. 93-cr-20026-1 (N.D.Ill. Sept. 13, 1994). Following a successful appeal, Henderson was resentenced, albeit to the same terms. *United States v. Henderson*, Case No. 93-cr-20026-1 (N.D.Ill. Sept. 22, 1995).

Henderson later secured a 65-month reduction in his drug sentence pursuant to 28 U.S.C. § 3582(c)(2). *United States v. Henderson*, Case No. 93-cr-20026-1 (N.D.Ill. Nov. 7, 2008). He was sentenced to 235 months on the drug offenses. However, the district court declined to use Section 3582(c) as a means to resentence Henderson under the precepts of *United States v. Booker*, 543 U.S. 220 (2005). Subsequent appeals regarding the sentence and denial of any further reduction under Section 3582(c) were unsuccessful. *United States v. Henderson*, Case No. 08-4297 (7th Cir. March 13, 2009); *United States v. Henderson*, Case No. 09-1854 (7th Cir. June 5, 2009).

Second and third motions for reduction of sentence under Section 3582(c) were denied because of the applicability of a mandatory minimum 20-year sentence on the drug offenses pursuant to 21 U.S.C. § 851, due to Henderson's prior felony drug conviction. *United States v. Henderson*, Case No. 93-cr-20026-1 (N.D.Ill. Nov. 23, 2010); *United States v. Henderson*, Case No. 93-cr-20026-1 (N.D.Ill. Mar. 20, 2012). It was during this period that the district court acknowledged the 20-year mandatory minimum term had not been taken into

account in calculating petitioner's original sentence because the sentence already exceeded 20 years. *See United States v. Henderson*, Case No. 93-cr-20026-1 (Feb. 9, 2012). Furthermore, it was acknowledged that when Henderson's sentence was reduced, the mandatory minimum was mistakenly not applied. *Id*. Nevertheless, the district court permitted Henderson to retain the benefit of its mistake by not retroactively increasing the sentence to account for the mandatory minimum. *Id*. On appeal, Henderson argued that there was no basis for enhancing his sentence pursuant to 18 U.S.C. § 851 due to a prior felony drug conviction—no mandatory minimum had previously been applied, therefore a mandatory minimum 20-year sentence could not be applied prospectively. Henderson's appeal of the denial of further reduction under Section 3582(c) was denied. *United States v. Henderson*, Case No. 12-1797 (7th Cir. Dec. 3, 2012). The Seventh Circuit specifically found that the mandatory minimum sentence of 20 years on the drug offenses was applicable, thereby making further reduction impossible. *Id*.

Most recently, Henderson unsuccessfully attempted to use Section 3582(c) to seek reconsideration of the imposition of the mandatory minimum under Section 851. In essence, he wanted the district court to resentence him anew. The district court observed that the appellate court's ruling had put an end to that argument. *United States v. Henderson*, Case No. 93-cr-20026-1 (N.D.Ill. Apr. 2, 2013).

Henderson is now attempting to use Section 2241 to argue that his mandatory minimum sentence under Section 851 should be 10 years, not the enhanced 20-year term. Citing *O'Dell v. Netherland*, 521 U.S. 151, 157 (1997)[2], Henderson argues the Probation Office's calculation of his sentence impermissibly varied from the drug amounts charged in the indictment because of his relevant conduct; thus, the grand jury process was circumvented and he has been denied due process. For all of these reasons, and citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), Henderson asserts that he is actually innocent as sentenced.

As a general matter, Section 2241 is the appropriate means by which to challenge the *execution* of a sentence, while Section 2255 is to be used to challenge the validity of conviction and sentence. *See Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). Clearly, petitioner Henderson is attacking the validity of his sentence, but that does not end the analysis.

---

[2] In *O'Dell*, the Supreme Court concluded that a new rule of interpretation implicating the Constitution could not be retroactively applied in a habeas petition to upset a state conviction. The portion of the decision cited by Henderson rests upon *Teague v. Lane*, 489 U.S. 288 (1989), which holds that there are two exceptions to the rule barring retroactive application: (1) new rules forbidding criminal punishment for a class of defendants based on their status or offense; and (2) watershed rules of procedure implicating fundamental fairness and accuracy of criminal proceedings. *O'Dell*, 521 U.S. at 157; *Teague*, 489 U.S. at 307. *O'Dell* does not represent a new rule of law relevant to this case, it merely invokes the notion of punishment based on classification. However, in *Custis v. United States*, 511 U.S. 485, 492-93 (1994), it was held that failure to challenge a state conviction presented by information pursuant to Section 851 constituted a waiver (absent good cause for the failure) precluding a collateral challenge; the predicate offense can then be used to enhance a sentence. Thus, the sort of punishment based upon classification that Henderson objects to has passed constitutional muster before the Supreme Court.

Section 2255(e) provides that Section 2241 *may* be used to contest a conviction or sentence when Section 2255 is "inadequate or ineffective" to test the legality of detention—the so-called Savings Clause.[3] *In re Davenport*, 147 F.3d 605, 610-12 (7th Cir. 1998), and *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), three criteria for this exception are spelled out:

> First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." *Rios,* 696 F.3d at 640. Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. *Id.* "The third condition is that [the] sentence enhancement ... have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.; see also Davenport,* 147 F.3d at 611 (a prisoner must show "a fundamental defect in his conviction or sentence").

*Brown v. Caraway*, __F.3d.__, 2013 WL 1920931, *2 (7th Cir. May 10, 2013).

Just days ago, in *Brown v. Caraway*, __F.3d.__, 2013 WL 1920931 (7th Cir. May 10, 2013), the Seventh Circuit permitted Section 2241 to be utilized to contest the length of a sentence of a "career offender" under U.S.S.G. § 4B1.1, despite the statute of limitations and the successive petition bar under Section 2255(h). This district court does not read *Brown v. Caraway* as opening the window wide for the use of Section 2241 rather than Section 2255.

In *Brown v. Caraway*, the petitioner argued that he was actually innocent of being a career offender under the United States Sentencing Guidelines, which dictated a mandatory minimum sentence. At the time of sentencing—before *United States v. Booker*, 543 U.S. 220 (1995)—the Guidelines were deemed

---

[3] Section 2255 has a one-year statute of limitations, which constitutes an additional hurdle for Henderson. He has never filed a Section 2255 petition.

mandatory, not advisory. Citing *Begay v. United States*, 553 U.S. 137 (2008), the petitioner filed a Section 2241 petition challenging the convictions used to qualify him as a career offender. The Seventh Circuit concluded that, if the *Davenport* and *Rios* criteria are all satisfied, the Savings Clause may be used to challenge the Career Offender Guideline, at least when the petitioner was sentenced in the pre-*Booker* era.

Henderson contends that his situation simply does not fit the Section 2255 mold, thereby rendering Section 2255 an inadequate or ineffective remedy. The chronological scenario presented is somewhat unusual. The Section 851 enhancement was not used in the original sentence calculation, nor was it used when Henderson was resentenced. But, those considerations only pertain to the third *Davenport* criteria regarding a miscarriage of justice. Henderson has not satisfied the other two requirements. First, Henderson clearly frames his argument as a constitutional issue, citing his right to due process under the Fifth Amendment (*see* Doc. 1, p. 6); thus a Section 2255 petition was tailor-made for this sort of issue. *See* 28 U.S.C. § 2255(a). Second, a new, retroactive legal precedent is not cited. Furthermore, the fact that the one-year limitations period would preclude a petition does not render Section 2255 an inadequate or ineffective remedy. *See Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007)(a petitioner cannot let the one-year deadline pass and then take advantage of the fact Section 2241 has no limitations period); *see also Montenegro v. United*

*States*, 248 F.3d 585 (7th Cir. 2001) (overruled on other grounds by *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001)).

Henderson's situation is like that presented in *Unthank v. Jett*, 549 F.3d 534 (7th Cir. 2008), which was discussed and distinguished in *Brown v. Caraway*, __F.3d.__, 2013 WL 1920931, *3 n. 1. In *Unthank*, Section 2241 could not be used because the petitioner had failed to rely upon a retroactive Supreme Court decision. Consequently, the Savings Clause could not be invoked because Section 2255 had not been shown to be inadequate or ineffective. Henderson, like Unthank, cannot utilize Section 2241; the district court lacks subject matter jurisdiction. *See* 28 U.S.C. § 2255(e).

Henderson's motion for leave to proceed *in forma pauperis* (Doc. 2) will be addressed by separate order.

**IT IS THEREFORE ORDERED** that, for the reasons stated, petitioner Henderson's petition under 28 U.S.C. § 2241 (Doc.1) is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED: May 14, 2013**

David R. Herndon
2013.05.14
13:58:31 -05'00'

**Chief Judge**
**United States District Court**