IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL HENDERSON,
No. 98336-024,

        Petitioner,

vs.                                     Case No. 13-cv-00401-DRH

J.S. WALTON,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    On April 25, 2013, petitioner Michael Henderson, who is currently incarcerated in the United States Penitentiary at Marion, Illinois, brought this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of the sentence imposed in connection with his 1994 conviction for distributing crack cocaine in violation of 21 U.S.C. § 841 (three counts) and a firearms violation under 28 U.S.C. § 924(c). By Order dated May 14, 2013, the petition was dismissed without prejudice (Doc. 6). Now before the Court are Henderson's June 10, 2013, motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), arguing that the Court made a manifest error of law (Doc. 7); and his motion to supplement his Rule 59(e) motion to add an argument premised upon a recent Supreme Court decision, *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151 (June 17, 2013) (Doc. 8).

Page **1** of **12**

## **Procedural Synopsis**

Henderson was convicted by a jury and subsequently sentenced to concurrent 300-month terms of imprisonment on the drug offenses, and a consecutive 60-month term of imprisonment on the gun charge. *United States v. Henderson*, Case No. 93-cr-20026-1 (N.D.Ill. Sept. 13, 1994). Following a successful appeal, Henderson was resentenced, albeit to the same terms. *United States v. Henderson*, Case No. 93-cr-20026-1 (N.D.Ill. Sept. 22, 1995).

Henderson later secured a 65-month reduction in his drug sentence pursuant to 28 U.S.C. § 3582(c)(2). *United States v. Henderson*, Case No. 93-cr-20026-1 (N.D.Ill. Nov. 7, 2008). He was sentenced to 235 months on the drug offenses. However, the district court declined to use Section 3582(c) as a means to resentence Henderson under the precepts of *United States v. Booker*, 543 U.S. 220 (2005). Subsequent appeals regarding the sentence and denial of any further reduction under Section 3582(c) were unsuccessful. *United States v. Henderson*, Case No. 08-4297 (7th Cir. March 13, 2009); *United States v. Henderson*, Case No. 09-1854 (7th Cir. June 5, 2009).

Second and third motions for reduction of sentence under Section 3582(c) were denied because of the applicability of a mandatory minimum 20-year sentence on the drug offenses pursuant to 21 U.S.C. § 851, due to Henderson's prior felony drug conviction. *United States v. Henderson*, Case No. 93-cr-20026-1 (N.D.Ill. Nov. 23, 2010); *United States v. Henderson*, Case No. 93-cr-20026-1 (N.D.Ill. Mar. 20, 2012). It was during this period that the district court

acknowledged the 20-year mandatory minimum term had not been taken into account in calculating Plaintiff's original sentence because the sentence already exceeded 20 years. *See United States v. Henderson*, Case No. 93-cr-20026-1 (Feb. 9, 2012). Furthermore, it was acknowledged that when Henderson's sentence was reduced, the mandatory minimum was mistakenly not applied. *Id*. Nevertheless, the district court permitted Henderson to retain the benefit of its mistake by not retroactively increasing the sentence to account for the mandatory minimum. *Id*. On appeal, Henderson argued that there was no basis for enhancing his sentence pursuant to 18 U.S.C. § 851 due to a prior felony drug conviction—no mandatory minimum had previously been applied, therefore a mandatory minimum 20-year sentence could not be applied prospectively. Henderson's appeal of the denial of further reduction under Section 3582(c) was denied. *United States v. Henderson*, Case No. 12-1797 (7th Cir. Dec. 3, 2012). The Court of Appeals specifically found that the mandatory minimum sentence of 20 years on the drug offenses was applicable, thereby making further reduction impossible. *Id*.

Most recently, Henderson unsuccessfully attempted to use Section 3582(c) to seek reconsideration of the imposition of the mandatory minimum under Section 851. In essence, he wanted the district court to resentence him anew. The district court observed that the appellate court's ruling had put an end to that argument. *United States v. Henderson*, Case No. 93-cr-20026-1 (N.D.Ill. Apr. 2, 2013).

In his April 2013 Section 2241 petition, Henderson argued that his mandatory minimum sentence under Section 851 should be 10 years, not the enhanced 20-year term. Citing *O'Dell v. Netherland*, 521 U.S. 151, 157 (1997)[1], Henderson argued the Probation Office's calculation of his sentence impermissibly varied from the drug amounts charged in the indictment because of his relevant conduct; thus, the grand jury process was circumvented and he has been denied due process. Furthermore, citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), Henderson asserted that he is actually innocent as sentenced. From Henderson's perspective, his unusual situation does not fit the Section 2255 mold, thereby rendering Section 2255 an inadequate or ineffective remedy.

This Court concluded that Henderson had not satisfied all of the criteria for utilizing Section 2241, as opposed to Section 2255, to seek relief from his sentence (Doc. 5). Henderson had clearly framed his argument as a constitutional issue, making a Section 2255 petition an appropriate remedy. Furthermore, a new, retroactive legal precedent had not been cited. Moreover, he had not shown that Section 2255 was an inadequate or ineffective remedy.

More specifically, the Court found Henderson's situation akin to that presented in *Unthank v. Jett*, 549 F.3d 534 (7th Cir. 2008). In *Unthank*, Section 2241 could not be used because the petitioner had failed to rely upon a retroactive Supreme Court decision. Consequently, the Savings Clause could not

---

[1] In *O'Dell*, the Supreme Court concluded that a new rule of interpretation implicating the Constitution could not be retroactively applied in a habeas petition to upset a state conviction. This Court concluded that *O'Dell* did not represent a new rule of law relevant to this case.

be invoked because Section 2255 had not been shown to be inadequate or ineffective. Henderson's Section 2241 petition was dismissed without prejudice.

## Motion to Supplement Motion for Reconsideration

As a preliminary matter, the Court will **GRANT** Petitioner's motion to supplement his motion for reconsideration to include an argument premised upon the newly decided *Alleyne v. United States*, \_\_U.S.\_\_, 133 S.Ct. 2151 (June 17, 2013) (Doc. 8). Although *Alleyne* was not decided until after Henderson's Section 2241 petition was denied, the Court will address that decision because it is a part of the general body of law upon which the Court's previous order was based.

## The Standard of Review

Twenty-six days after the Court's final order was entered, petitioner Henderson moved to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). He contends the Court made a manifest error of law. In *Obriecht v. Raemisch*, 517 F.3d 489, 493-494 (7th Cir. 2008), the Court of Appeals declared that district courts should analyze post-judgment motions based on their substance: "whether a motion ... should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." [2]

---

[2] Only motions filed within the 28-day deadline set forth in Rule 59(e) toll the time for filing an appeal. Motions filed after the 28-day period do not suspend the finality of any judgment. *See York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011).

Different standards and time-tables govern Rule 59(e) and Rule 60(b) motions. So, for instance, Rule 59(e) permits a court to amend a judgment only if the motion is filed within 28 days of the entry of judgment, and the movant must demonstrate a manifest error of law or present newly discovered evidence that was not previously available. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 511-512 (7th Cir. 2007). By contrast, Rule 60(b) permits a court to relieve a party from an order or judgment based on these reasons, *inter alia*: mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the deadline for a Rule 59(b) motion for new trial. A Rule 60(b) motion must generally be filed within one year of the entry of the order or judgment.

The motion for reconsideration was filed within 28 days from entry of the final order; and it is argued that the Court made a manifest error of law. However, dismissal was without prejudice and no judgment was entered. With that said, the Court's order was a final order disposing of this action within the meaning of *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978). Therefore, although judgment was never entered, Rule 59(e) may be utilized. *Borrero v. City of Chicago*, 456 F.3d 698, 699-700 (7th Cir. 2006). In any event, review would be appropriate under either rule.

Review of the order dismissing the petition is also appropriate because the Court has agreed to consider Henderson's argument based on the recent *Alleyne*

decision. "A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). Although the Court does not consider *Alleyne* to be a significant change in the law, information provided by petitioner enables the Court to clarify any ambiguities or misunderstandings relative to his 2001 Section 2255 petition.

## Issues and Analysis

In addition to what amounts to a rehash of arguments analyzed and rejected in the Court's prior order (Doc. 6), petitioner contends that the Court did not consider that in 2001 he *had* moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (*before* his sentence was enhanced), thereby making Section 2255 an inadequate remedy. He also cites a recent Supreme Court decision, *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151 (June 17, 2013). *Alleyne* holds that, because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" of the crime that must be submitted to the jury. Put succinctly, petitioner argues that a mandatory minimum sentence was belatedly imposed by the sentencing judge, not a jury, in violation of *Alleyne* and his constitutional rights to due process and trial by jury.

Section 2241 is the appropriate means by which to challenge the *execution* of a sentence, while Section 2255 is to be used to challenge the *validity* of conviction and sentence. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). However, Section 2255(e) provides that Section 2241 *may* be used to contest a conviction or sentence when Section 2255 is "inadequate or ineffective" to test the legality of detention—the so-called Savings Clause. *In re Davenport,* 147 F.3d 605, 610–12 (7th Cir.1998), and *Brown v. Rios,* 696 F.3d at 640, spell out three criteria for this exception:

> First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." *Rios,* 696 F.3d at 640. Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. *Id.* "The third condition is that [the] sentence enhancement … have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.; see also Davenport,* 147 F.3d at 611 (a prisoner must show "a fundamental defect in his conviction or sentence").

*Brown v. Caraway*,719 F.3d. 583, 586 (7th Cir. 2013).[3] Petitioner now reiterates that a miscarriage of justice has occurred.

Once again the Court concludes that Henderson cannot meet the any of the criteria for utilizing Section 2241 rather than Section 2255. The Court will not reiterate its prior order (Doc. 5) in its entirety. Rather, only the new *Alleyne*

---

[3] In *Brown v. Caraway*, the Court of Appeals for the Seventh Circuit permitted Section 2241 to be utilized to contest the length of a sentence of a "career offender" under U.S.S.G. § 4B1.1, despite the statute of limitations and the successive petition bar under Section 2255(h). This district court does not read *Brown v. Caraway* as opening the window wide for the use of Section 2241rather than Section 2255.

decision and matters particular to Henderson's arguments for reconsideration will be addressed.

Petitioner notes that the Court's prior order did not specifically discuss his 2001 Section 2255 petition, which was filed before the mandatory minimum was even applied to his sentence. *See United States v. Henderson*, 2002 WL 227061 (N.D.Ill. 2002). He seems to be arguing that the prohibition against successive petitions renders Section 2255 an inadequate or ineffective remedy at this juncture (*see* 28 U.S.C. § 2255(h), § 2244(b)(3)(A)), and that there has been a miscarriage of justice that should not escape review.

Section 2241 cannot be used to circumvent the successive petition certification procedure (28 U.S.C. § 2244). *See In re Davenport*, 147 F.3d at 609. There is no indication that Henderson has sought leave to file a successive Section 2255 petition—but the issue is more complicated than that. First, the fact that a petitioner may be barred from bringing a successive Section 2255 petition is not, in itself, sufficient to render Section 2255 an inadequate remedy. *In re Davenport,* 147 F.3d at 609–10 (Section 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Second, and more important, the fact that a Section 2255 petition might be successive in time does not necessarily render it a successive petition for purposes of the statute. *See Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013). A district court does not need the approval of the appellate court as discussed in Section 2244(h) if a Section 2255 petition is not

actually successive. *Id*. Second-in-time Section 2255 petitions attacking errors in resentencing occurring after an initial Section 2255 petition are not characterized as successive under Section 2255(h). *Id*. Thus, it does not appear that Section 2255 is unavailable, or that this is a successive petition situation.

In any event, Henderson cannot satisfy the criteria for invoking the *Davenport* savings clause. *Alleyne* was decided based on constitutional principles, *not* statutory interpretation. *Alleyne* also was *not* made retroactive by the Supreme Court. *See Simpson v. United States*, __F.3d__, 2013 WL 3455876, *1 (7th Cir. July 10, 2013) (holding that *Alleyne*, like *Apprendi*, was not made retroactive).

For these reasons, and the reasons stated in the Court's May 14, 2013, order (Doc. 5), petitioner Henderson's Section 2241 petition shall be dismissed with prejudice and judgment shall enter accordingly.

Petitioner's August 27, 2013, motion for status (Doc. 9) shall be denied as moot.

### Disposition

Petitioner Henderson's motion to supplement his motion for reconsideration to include an argument premised upon the newly decided *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151 (June 17, 2013) (Doc. 8) is **GRANTED**.

Henderson's motion for reconsideration (Docs. 7, 8) is **GRANTED**, in so far as the Court has considered the additional arguments presented.

Having failed to show that Section 2255 is an inadequate remedy for his claims, and having failed to satisfy the *Davenport* criteria for raising these issues via Section 2241, Henderson's Section 2241 petition is **DISMISSED with prejudice**. Judgment shall enter accordingly.

Petitioner's motion for status (Doc. 9) is **DENIED AS MOOT**.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4).

Any motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R.APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed as a pauper, he will be liable for a portion of the $455.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R.APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir.2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir.1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir.1998).

A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline. It is not necessary for petitioner to obtain a

certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: August 29, 2013**

Digitally signed by David R. Herndon
Date: 2013.08.29
15:58:41 -05'00'

**Chief Judge**
**United States District Court**